Cedric Greene
4852 St. Elmo Drive #7
Los Angeles, California 90019
Tel: (323) 972- 9966
Email: cedricgreene33@yahoo.com

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 02 2018

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. '18 - CV - 00522

CEDRIC GREENE,

Plaintiff,

v.

DIRECT TV. INC.,

Defendants.

Complaint For False Advertisement;
Breach Of Contract; Negligence

Plaintiff, Cedric Greene And King County, Washington Alleges:

## {INTRODUCTION}

King County, Washington with pro se litigant Greene submits a civil complaint in the District of Colorado and the U.S. Government is not a party to the case. The civil cover sheet does not demand for a trial but King County and their pro se litigant reserve the right to alter their decision pending the consultation that Greene obtains from the Evergreen State communities. The District Court should take note to the fact that the self- represented litigant out of King County is declared "restricted" in multiple states as he attempts to proceed in the District of Colorado. We originally presented this matter to the District of Utah. The District of Utah entered a dismissal with prejudice determination of our case.

On appeal to the Tenth Circuit, we obtained a reversal from the Tenth Circuit with instructions issued to amend the entered judgment with instructions to dismiss without prejudice. With the community of King County, Washington being informed of Greene's "restricted status" in various states, we felt that it was necessary to speak with a District Court official before Greene's King County resources gave him the approval to present this civil case. The communities of Washington State see the need for Greene to speak with jurisdictions before presenting a legal matter for reasons of being cautious. Being litigant Greene and proceeding as pro se, our Washington State communities face many of obstacles with guiding their litigant because we never know what jurisdiction are willing to work with Greene in his quest to proceed in the judicial process in the unknown state.

In this particular matter, Greene's King County, Washington resource had approved for him to bring this matter to the attention of the District of Colorado. We are doing so because we obtained a reversal from the Tenth Circuit in the identical state. The defendants place of business is located within the state of Colorado; but litigant Greene and his resource team has to somewhat pay little attention to the jurisdiction matters for "restriction" and "vexatious" litigant reasons.

This is a matter that we are attempting to litigate within this state at any level for the simple fact that we have every reason to believe that Colorado officials would be fair and impartial to the Washington State pro se litigant representing King County, Washington in this matter. He works with many of officials from the Evergreen State but in most circumstances, the legal information comes from the counties of Pierce or Spokane, Washington.

This is a matter that was dealt with by our Washington State community of King County and having said that, the next portion of the legal papers will be the statement of complaint and finally, we have no objections to litigating the above matter at the Colorado's State level if necessary.

{STATEMENT OF COMPLAINT}

Direct TV had an advertisement for cable services and the advertisement had them having monthly prices starting at $19.99, $29.99, $39.99. The advertisement said "HURRY! OFFER ENDS 1/27!" Greene signed up for Direct TV services and before instillation was set up in his name, a manager of Direct TV had told him that his monthly service bill would be at $61.62, before Direct TV ever came to his living place to set up their cable service. Greene and a manager of Direct TV had spoken on January 30, 2016, and the supervisor had told Greene Direct TV would honor the price of $61.52.

On the other hand, Direct TV did not honor the price of $61.61 and according to Direct TV's Office of the President in Greenwood Village of Colorado, the company had a price increase for services with Direct TV. At no time was Greene ever told that new customers signing up for Direct TV was subject to a price increase for their cable services. The Washington State litigant of King County was told that he would be paying one price and the price was $61.62. Direct TV however, increased the price and in addition to increasing the price, they did not honor the statements of the supervisor on January 30, 2016. Making matters worse they refused to mediate the matter by releasing information to Los Angeles County Consumer Affairs when Greene had signed the release form asking that they release information to the Consumer Affairs Agency.

To complicate matters even more, their merger company at the time had provided information to the pro se litigant that "new customers signing up with Direct TV should be paying a monthly rate of $48.99 for cable services. This information was properly provided to the Washington State litigant by the merger company on March 17, 2016, at 1:47 pm Pacific Time.

Greene had no idea that Direct TV would conduct business in this fashion as far as stipulating that he would pay one price for services but once being billed, the reflected price would be something different from what was advertised or stipulated through communication. As such, Direct TV is properly being charged with False Advertisement, Breach of Contract, and Negligence for all reflected reasons.

# {DEMAND}

We the people of King County, Washington and its pro se litigant would ask that Colorado officials grant the self- represented litigant the opportunity to litigate this case in its state at any judicial level.

If the state of Colorado and its judicial officials is in acceptance of the case of our pro se litigant, we would demand for a civil judgment in the amount of $50, 000.00 for expressed reasons.

DATED: February 27, 2018

REPRESENTING WASHINGTON STATE AND THE COUNTIES OF KING, PIERCE, AND SPOKANE

BY: _____
Cedric Greene

{ATTACHMENT}

FILED
United States Court of Appeals
Tenth Circuit

January 9, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CEDRIC GREENE,

    Plaintiff - Appellant,

v.

DIRECT TV, INC.,

    Defendant - Appellee.

No. 17-4145
(D.C. No. 2:16-CV-00964-DB)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO, O'BRIEN,** and **MORITZ**, Circuit Judges.

---

Cedric Greene appeals the district court's determination that it lacked subject matter jurisdiction over this action. Although we agree with that conclusion, we remand with instructions to dismiss without prejudice.

Greene filed suit against Direct TV, Inc. in the U.S. District Court for the District of Utah, asserting claims for false advertisement, breach of contract, and negligence. He alleged that the district court had jurisdiction because the case posed a federal question. A magistrate judge recommended dismissal for lack of subject

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

matter jurisdiction. Over Greene's objections, the district court adopted the recommendation and dismissed the case with prejudice. This timely appeal followed.

The district court was correct to dismiss this case for lack of subject matter jurisdiction. "Any federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties." Harris v. Ill.-Cal. Express Inc., 687 F.2d 1361, 1366 (10th Cir. 1982) (italics omitted). To establish federal question jurisdiction under 28 U.S.C. § 1331, a question of federal law must appear on the face of the plaintiff's well-pleaded complaint. Rice v. Office of Servicemembers' Grp. Life Ins., 260 F.3d 1240, 1245 (10th Cir. 2001). A plaintiff must demonstrate either "that federal law creates the cause of action," Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994) (quotation omitted), or that his state-created cause of action "necessarily turn[s] on a substantial question of federal law," Rice, 260 F.3d at 1245. Greene's complaint does not identify any federal statute furnishing the relevant causes of action or a substantial question of federal law raised by his claims. However, "a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." Garman v. Campbell Cty. Sch. Dist. No. 1, 630 F.3d 977, 985 (10th Cir. 2010).

We also take this opportunity to caution Greene to carefully reflect on the legitimacy of any future claims he may bring in this court. "This court has ordered comprehensive filing restrictions on litigants who have repeatedly abused the appellate process." Ford v. Pryor, 552 F.3d 1174, 1181 (10th Cir. 2008).

2

We therefore **VACATE** the district court's dismissal with prejudice and **REMAND** with instructions to dismiss for lack of subject matter jurisdiction without prejudice.

Entered for the Court

Carlos F. Lucero
Circuit Judge

3