IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00522-GPG

CEDRIC GREENE, JR.,

    Plaintiff,

v.

DIRECT TV, INC.,

    Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff, Cedric Greene, Jr., resides in Los Angeles, California. On behalf of himself, the State of Washington, and the Counties of King, Pierce, and Spokane, Washington, Plaintiff initiated this action by submitting, *pro se*, a "Complaint For False Advertisement; Breach Of Contract; Negligence." (ECF No. 1). Plaintiff seeks to bring claims of false advertisement, breach of contract, and negligence against the Defendant arising from a dispute relating to the monthly amount he is charged for cable services. (*Id.*). Plaintiff is requesting monetary damages in the amount of $50,000.00. (*Id.* at 4).

In the complaint, Plaintiff acknowledges that as a *pro se* litigant, he is "restricted" in multiple states. (ECF No. 1 at 2). Therefore, Plaintiff seeks to proceed in the District of Colorado as a jurisdiction potentially "willing to work with" him regarding his claims. (*Id.*). In attempting to litigate the same facts against the Defendant which are presented to this Court, Plaintiff has unsuccessfully sought the jurisdictional cooperation and received dismissals without prejudice for lack of jurisdiction from the District of Utah in *Greene v. Direct TV*, Case No. 2:16-cv-00964-DB (D. Utah Jan. 31, 2018) and from the

1

District of Nevada in *Greene v. Direct TV, Inc.*, Case No. 2:16-cv-00735-RFB-NJK (D. Nev. July 13, 2016).

The Court construes the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

First, it is well-settled that an individual, who is not an attorney admitted to practice law, is unauthorized to represent another person or entity. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing 28 U.S.C. § 1654); *see also* 28 U.S.C. § 1654. Therefore, Plaintiff may not prosecute this action on behalf of anyone other than himself. Each plaintiff or their counsel must personally sign the Complaint. *See* Fed. R. Civ. P. 11(a). Plaintiff is the only purported plaintiff to have signed the Complaint submitted on March 2, 2018. Accordingly, as a *pro se* litigant, Cedric Greene, Jr., is the only proper Plaintiff. *See* 28 U.S.C. § 1654. Secondly, for the reasons stated below, this action will be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its

own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (The issue of subject matter jurisdiction may be raised *sua sponte* by the court at any time during the course of the proceedings.).

Dismissal for lack of jurisdiction is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso,* 495 F.2d at 909; *see also McAlester v. United Air Lines, Inc.,* 851 F.2d 1249, 1252 (10th Cir. 1988) (issue of subject matter may be raised *sua sponte* by the court at any point in the proceedings). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

Plaintiff represents that the basis for jurisdiction in this matter is proper under 28 U.S.C. § 1331 federal question jurisdiction. (ECF No. 1-1). Plaintiff fails, however, to present facts demonstrating the court has subject matter jurisdiction over his claims pursuant to § 1331. "For a case to arise under federal law within the meaning of §

3

1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted).

Plaintiff does not specifically assert any claims that raise a federal question and, even construing the Complaint liberally, he fails to allege any facts that arguably might support a federal question claim against the Defendant. Instead, Plaintiff has asserted facts supporting purely state law theories of false advertising, breach of contract, and negligence. (ECF No. 1). Resolution of a substantial question of federal law is not encompassed within the allegations of Plaintiff's Complaint. *Pro se* status does not relieve Plaintiff of the duty to comply with the requirements of substantive law. *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). Further, the Court cannot "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. State of New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997). Therefore, Plaintiff's claims do not present a federal question upon which to base subject matter jurisdiction.[1]

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. It is

FURTHER ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (ECF No. 3) is denied as moot. It is

---

[1] Although not alleged in Plaintiff's Complaint, there also does not appear to be diversity jurisdiction pursuant to 28 U.S.C. § 1332. Allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* with the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this  7th  day of   March  , 2018.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court